BRYAN K. WRICE,        )
                              )
        **Petitioner,**        )
                              )
      **vs.**                )     **Case No. 4:09CV2006 CAS (LMB)**
                              )
**TROY STEELE and**      )
**CHRIS KOSTER**[1]      )
                              )
      **Respondents.**      )

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Bryan K. Wrice for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

### Procedural History

Petitioner is presently incarcerated at Southeast Correctional Center in Charleston, Missouri, pursuant to the judgment and sentence of the Circuit Court of the City of St. Louis. See Respondent's Ex. 8 at 68. On August 300, 1996, petitioner was found guilty after a jury trial of two counts of robbery in the first degree. See id. at 57-59. On November 1, 1996, the Circuit Court of the City of St. Louis sentenced petitioner as a prior and persistent offender to two consecutive life sentences. See id. at 68-69.

Petitioner raised two points on direct appeal of his conviction. See Respt's Ex. 9.

---

[1]The Attorney General of the State of Missouri is a proper party respondent because petitioner is challenging present and future sentences in this action. See Rule 2 (b), Rules Governing Section 2254 proceedings in the United States District Courts.

Petitioner first argued that the trial court erred when it overruled his motion to disallow the State's peremptory strikes on the basis that the prosecutor exercised the State's peremptory strikes in a racially discriminatory manner. Id. at 5. In his second point on appeal, petitioner argued that the trial court erred in denying petitioner's objection to the prosecutor's eliciting testimony about petitioner's prior bad acts and convictions. Id. at 6. On May 12, 1998, the Missouri Court of Appeals for the Eastern District affirmed petitioner's convictions. See Respt's Ex. 11.

On August 6, 1998, petitioner filed a pro se Motion to Vacate, Set Aside, or Correct the Judgment or Sentence of the Circuit Court of the City of St. Louis, pursuant to Missouri Supreme Court Rule 29.15. See Respt's Ex. 12 at 13-31. In this motion, petitioner raised thirteen ineffective assistance of trial counsel claims and five ineffective assistance of appellate counsel claims. Petitioner raised the following ineffective assistance of trial counsel claims: (1) trial counsel failed to file a motion to suppress identification, a motion to suppress evidence, and a motion for discovery; (2) trial counsel refused to request a hearing on the pro se pretrial motions filed by petitioner after petitioner had learned that trial counsel would not file pretrial motions; (3) trial counsel failed to prepare for trial by interviewing and deposing the State's witnesses; (4) trial counsel failed to call Mayetta Hamilton as a witness; (5) trial counsel failed to call Michael Hamilton as a witness, who would have testified that petitioner was with Mr. Hamilton buying brake pads at the time of one of the robberies; and that he had never seen petitioner without facial hair; (6) trial counsel failed to call Michael Wrice as a witness; (7) trial counsel failed to call Theresa Gee as a witness; (8) trial counsel failed to call James Walker as a witness; (9) trial counsel failed to call Allean Clay as a witness; (10) trial counsel failed to employ and call an

expert in fingerprinting; (11) trial counsel failed to preserve the fingerprint issue, specifically that the fingerprint used at trial was not that of petitioner, but rather that it was the fingerprint of the person responsible for the crimes; (12) trial counsel failed to file a timely notice of appeal; and (13) trial counsel failed to make proper objections and preserve issues which warranted appellate review, specifically, that counsel failed to object to the State's closing argument in which she referred to petitioner as a "con artist" and a "liar." See id. at 13-24. Petitioner raised the following ineffective assistance of appellate counsel claims: (1) appellate counsel failed to brief and argue the overruling of petitioner's motion for judgment of acquittal at the close of the State's evidence and at the close of the case for failure to make a submissible case; (2) appellate counsel failed to brief and argue the claim that the trial court erred in submitting the State's verdict directing instructions on first degree robbery over petitioner's objection as the instructions were not supported by the evidence; (3) appellate counsel failed to brief and argue that the evidence was insufficient to support the verdict; (4) appellate counsel failed to brief and argue the claim that the court allowed the State to exercise four peremptory challenges to remove African-American jurors for specious and pretextual reasons; and (5) appellate counsel failed to brief and argue that the State's witness Detective Klobe had made a statement with regard to petitioner's prior criminal history during trial, and that the trial court erred when it overruled the motion for mistrial. Id. at 13-27.

On July 20, 2000, petitioner's appointed counsel filed a Statement in Lieu of Filing an Amended Motion and Request for the Court to Rule on the Issues Raised in Movant's Pro Se Motion, stating that there were no additional grounds to be raised, and requesting the court to proceed on petitioner's pro se motion and grant an evidentiary hearing. Id. at 41-42.

Evidentiary hearings were held on January 18, 2008, April 4, 2008, and April 11, 2008, at which petitioner, Michael Hamilton, Theresa Gee, trial counsel, and appellate counsel testified. See Respt's Ex. 18. On April 28, 2008, the motion court denied petitioner's motion for post-conviction relief in all respects. See Respt's Ex. 12 at 58-83. Petitioner timely filed a notice of appeal from the denial of post-conviction relief on June 9, 2008. See id. at 86-88.

Petitioner raised three points on appeal from the denial of post-conviction relief. See Respt's Ex. 13. Petitioner first argued that the motion court clearly erred in denying petitioner's post-conviction relief motion because petitioner received ineffective assistance of counsel in that trial counsel failed to prepare and file a motion to suppress evidence. See id. at 17-22. Petitioner next argued that the motion court clearly erred in denying petitioner's post-conviction relief motion because petitioner received ineffective assistance of counsel in that counsel failed to call Michael Hamilton as a witness and that Mr. Hamilton, if called, would have testified that petitioner was with his grandparents at the time of the robberies and that petitioner had a mustache and goatee, unlike the robber. See id. at 23- 27. Petitioner finally argued that the motion court clearly erred in denying petitioner's post-conviction relief motion because petitioner received ineffective assistance of counsel in that counsel failed to object to, and preserve for appellate review, the prosecutor's calling petitioner a "con artist" and "liar" during closing argument and prosecutor's claim that petitioner had voluntarily made incriminating statements to police. See id. at 28-33. In a memorandum opinion filed on May 28, 2009, the Missouri Court of Appeals for the Eastern District affirmed the denial of post-conviction relief. See Respt's Ex. 15.

On December 7, 2009, petitioner, pro se, filed a petition for a writ of habeas corpus, in

which he raises six grounds for relief, and requests an evidentiary hearing. (Document Number 1). On February 19, 2010, respondent filed a Response to Order to Show Cause. (Doc. No. 9). Petitioner filed a Traverse on June 7, 2010. (Doc. No. 13).

## Facts

Petitioner's conviction arises from incidents which occurred on March 14, 1995, and March 17, 1995. Donald Mitchell was a catering truck driver who worked in the St. Louis area. On March 14, 1995, at approximately 11:28 a.m., petitioner approached Mr. Mitchell at his catering truck and asked for a can of orange juice. Mr. Mitchell placed a can of orange juice on the ledge, and petitioner handed Mr. Mitchell a ten dollar bill. When Mr. Mitchell took money out of his pocket to give petitioner his change, petitioner pulled out a gun, pressed it against Mr. Mitchell's abdomen, and demanded that Mr. Mitchell give petitioner all of Mr. Mitchell's money. Petitioner took approximately $500.00 from Mr. Mitchell. See Respt's Ex. 2 at 343-345.

On March 17, 1995, at approximately 11:22 a.m., Mr. Weston was parked at St. Louis Envelope Company, a business at which Mr. Weston sold meals to employees. Mr. Weston was preparing to leave and go to his next stop when petitioner approached him while holding a twenty dollar bill. Petitioner asked to purchase orange juice. Mr. Weston placed the orange juice on the service counter, and petitioner handed him the twenty dollar bill. Petitioner then told Mr. Weston it was a robbery, and demanded that Mr. Weston give petitioner all of Mr. Weston's money. Petitioner pulled out a gun and pressed it against Mr. Weston's chest. Petitioner took approximately $550.00 from Mr. Weston. See id. at 288-296.

## Discussion

## I.    <u>Standard of Review</u>

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).  With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts."  529 U.S. at 405.  Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case."  <u>Id.</u>  Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  <u>Id.</u> at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an

unreasonable application of federal law is different from an incorrect application of federal law."
Id. at 410.

## II.    Petitioner's Claims

Petitioner raises six grounds for relief, and requests that the court conduct an evidentiary hearing. In his first ground for relief, petitioner argues that the trial court erred in denying petitioner's Batson challenges because the reasons for striking Venirepersons Monroe, Collins, Thomas, and Gibson were pretextual. In his second ground for relief, petitioner argues that the trial court erred in denying an objection to the prosecutor's eliciting testimony about petitioner's prior bad acts and convictions. In petitioner's third ground for relief, he argues that trial counsel was ineffective for not filing a motion to suppress evidence, specifically, a BB gun and toy gun. In his fourth ground for relief, petitioner argues that trial counsel was ineffective in that counsel failed to call Michael Hamilton as a witness. In petitioner's fifth ground for relief, he argues that trial counsel was ineffective for not objecting when the prosecutor referred to petitioner as a "con artist" and "liar" during closing argument. In petitioner's sixth and final ground for relief, he argues that post-conviction counsel and post-conviction appellate counsel were ineffective and violated petitioner's right to due process.

### 1.    Ground One

In petitioner's first ground for relief, he argues that the trial court erred in overruling petitioner's motion to disallow the State's peremptory strikes of Venirepersons Steven Monroe, Darwin Collins, Marvin Thomas, and Marilynn Gibson on the basis that the prosecutor's reasons for striking these venirepersons were pretextual. Respondent contends that the State court reasonably applied Batson.

Under <u>Batson</u>, the trial court must engage in a three-step inquiry to determine the validity of peremptory challenges. <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986). Under the first step, a defendant must make a prima facie case of discrimination. <u>Smulls v. Roper</u>, 535 F.3d 853, 859 (8th Cir. 2008) (citing <u>Rice v. Collins</u>, 546 U.S. 333, 338 (2006)). "To establish a prima facie case, the defendant must show that he is a member of a cognizable racial group and that the prosecutor exercised peremptory challenges to remove members of his race from the venire." <u>Devose v. Norris</u>, 53 F.3d 201, 204 (8th Cir. 1995).

If a prima facie case is made, the burden shifts to the prosecution to articulate a race-neutral explanation for striking the prospective juror. At stage two, "a court does not weigh the plausibility of the reasons given by the state, but merely determines whether the reasons are facially race-neutral." <u>Gibson v. Bowersox</u>, 78 F.3d 372, 374 (8th Cir. 1996). The prosecutor's stated reason need not be "persuasive, or even plausible" as long as it is not inherently discriminatory. <u>Smulls v. Roper</u>, 535 F.3d 853, 859 (8th Cir. 2008) (quoting <u>Purkett v. Elem</u>, 514 U.S. 765, 768 (1995)). Finally, "[i]f the government gives a race-neutral reason, the reviewing court must decide whether the defendant has proven purposeful discrimination by evaluating the persuasiveness of the proffered reason." <u>Gee v. Groose</u>, 110 F.3d 1346, 1351 (8th Cir. 1997). Throughout this process, "the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike." <u>Purkett v. Elem</u>, 514 U.S. 765, 768 (1995). A trial court's ultimate finding on whether a race-neutral explanation is merely a pretext for discrimination is a question of fact, which is presumed correct in the federal habeas context. <u>See</u> <u>Gibson</u>, 78 F.3d at 374. Such findings will only be set aside, absent procedural error, if they are "not fairly supported by the record." <u>Id.</u> (quoting <u>Purkett</u>, 514 U.S.

at 769).

Petitioner, who is African-American, made timely <u>Batson</u> challenges with respect to Venirepersons Steven Monroe, Darwin Collins, Marvin Thomas, and Marilynn Gibson, who were also African-Americans. <u>See</u> Respt's Ex. 2 at 236-249. The undersigned will discuss each venireperson in turn.

The prosecutor provided the following explanation for the strike of Venireperson Steven Monroe:

> First of all, the man wore dark sunglasses the entire– entire voir. I can't – I cannot see the man's eyes. I don't really have a clue when he does say --really, what he says, whether he's sincere. Second of all, he's been a postal worker for eighteen years and it's my experience in my office that many times postal workers are more pro-   Defense than pro-State and tend to be more anti-Government. And also the one issue that he even did talk about was with Mr. Kessler, when Mr. Kessler was talking about whether or not – people that have a chance to resolve disputes at work or at home among – among  people and he said he's never been in a position to have to decide a dispute among people.

<u>Id.</u> at 237-238.

Defense counsel replied that it was a pretextual basis to say that postal workers, government employees, are anti-government. <u>Id.</u> at 238. Defense counsel further stated that Venireperson Monroe had explained that the glasses were prescription. <u>Id.</u>

The trial court noted that Mr. Monroe's "body language" seemed to indicate that Mr. Monroe did not want to participate in the proceedings. <u>Id.</u> at 240. The trial court found that the prosecutor articulated a sufficient race-neutral reason for the use of a peremptory strike on Mr. Monroe and overruled defense counsel's <u>Batson</u> motion. <u>Id.</u>

The defense next raised a challenge pursuant to <u>Batson</u> based on the prosecution's strike of Venireperson Darwin Collins. The prosecutor provided the following explanation for striking

Mr. Collins:

> I struck him, he's about the same age as the Defendant in this case. He's wearing an earring just like the Defendant. The Defendant has two earring holes in his ear which you can clearly see. He wore sweats and his body language was very, to me, who cares, I don't want to be here. He slouched a lot, he folded his arms a lot, In addition, he indicated on here that he had been convicted of a misdemeanor and we never heard word one from about whether or not that's correct. Primarily, I'm concerned because of his age and so close to the Defendant's and the fact that the --his overall body language, attitude and the fact that he does wear --wear an earring just like the Defendant and sweats which I think takes on kind of a casual, don't want to take this serious attitude.

Id. at 240-241.

Defense counsel replied that Mr. Collins appeared to take the proceedings seriously. Id. at 241. Defense counsel further stated that Mr. Suttles, a white venireperson, was the exact same age as the petitioner, was dressed casually, and did not appear to be any more interested in the proceedings than Mr. Collins. Id. Defense counsel also noted that Mr. Collins had the same level of education and same employment status as Mr. Suttles. Id. at 242. The prosecutor responded that Mr. Suttles had appeared very attentive and made eye contact with her several times. Id. at 244. The prosecutor also noted that Mr. Suttles was a sales representative, which seemed more conservative to her than Mr. Collins, who was employed in housekeeping. Id. The trial court found that the prosecutor articulated a sufficient race-neutral reason for the use of a peremptory strike on Mr. Thomas and overruled defense counsel's Batson motion. Id. at 245.

The defense raised a challenge pursuant to Batson, based on the prosecution's strike of Venireperson Marvin Thomas. The prosecutor provided the following explanation for striking Mr. Thomas:

> He may very well be Pro-State and I'm concerned – and I struck him because he's been thirty years a Correctional Officer in the Juvenile Court and I – you know they see a lot over there and hear a lot from Defendants or juveniles and I don't know what he's seen.

He may after – he may be tainted after all that time or may compare the juvenile system to our system and I'm concerned that that would work against the State in this case. Id.

Defense counsel replied that Mr. Thomas had stated that he could set aside what he knew or thought about the juvenile system and could follow the rules in the adult court. Id. at 246. Defense counsel further noted that Mr. Thomas works for the State. Id. The trial court found that the prosecutor articulated a sufficient race-neutral reason for the use of a peremptory strike on Mr. Thomas and overruled defense counsel's Batson motion. Id. at 248. The court noted that it was reasonable for defense counsel to believe that Mr. Thomas could have developed certain views as a result of his occupation, and that he could have undue influence on other jurors. Id.

The defense next raised a challenge pursuant to Batson based on the prosecution's strike of Venireperson Marilynn Gibson. The prosecutor provided the following explanation for striking Ms. Gibson:

> Again, she's a black female but Judge she is a pastor for a living. She has done that for eighteen years. And in talking with Mr. Kessler it's came out that on many occasions she has counseled people, given them advice and I think that she may be sympathetic to this Defendant and his problems or whatever it is the Defense is gonna be, you know, especially if it comes out that this was drug related. You know, I'm just concerned that she will be more sympathetic in light of the fact that the jury does   not have punishment; she will not have no controlling over what happened to him and I think that may be a concern to her if she thinks he may go to the penitentiary without counseling, without treatment; whatever it is that she decides that she – that he needs. I think she would be too sympathetic in light of her work.

Id. at 248-249.

Defense counsel replied that Ms. Gibson would be equally sympathetic to victims, police officers, and even to the prosecutor. Id. at 249. Defense counsel also noted that Ms. Gibson had indicated more than once that she would wait until she had heard all the evidence before making a

decision. Id. The trial court found that the prosecutor articulated a sufficient race-neutral reason for the use of a peremptory strike on Ms. Gibson and overruled defense counsel's Batson motion. Id.

Petitioner raised this claim in his direct appeal. The Missouri Court of Appeals for the Eastern District affirmed the judgment of the Circuit Court of the City of St. Louis. See Respt's Ex. 11. The Court did not write an extended opinion. See id.

Petitioner claims that the prosecutor's reasons for striking Venirepersons Monroe, Collins, Thomas, and Gibson were not sufficiently race-neutral. "[A] federal habeas court can only grant [the] petition if it was unreasonable to credit the prosecutor's race-neutral explanations for the Batson challenge. State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.' § 2254(e)(1)." Rice v. Collins, 546 U.S. 333, 338-39 (2006). See also Cole v. Roper, 623 F.3d 1183, 1188-89 (8th Cir. 2010).

The trial court determined that the prosecutor had articulated race-neutral reasons for striking Venirepersons Monroe, Collins, Thomas, and Gibson. Petitioner has failed to demonstrate that the state court's findings were incorrect. The prosecutor stated that she struck Venireperson Monroe because of his employment as a postal worker and because she could not see his eyes in order to determine his sincerity in his responses. The prosecutor explained that she struck Venireperson Collins because he wore an earring, his clothing was very casual, and his overall body language seemed to suggest that he did not take the proceedings seriously. The prosecutor stated that she struck Venireperson Thomas because he had been employed for a lengthy time as a correctional officer in the juvenile court, and the prosecutor was concerned that

- 12 -

his experience with the juvenile system could "work against" the State in petitioner's case. With regard to Venireperson Gibson, the prosecutor explained that she struck her because she had been a pastor for eighteen years, which could make her sympathetic toward petitioner.

The prosecutor's reasons for striking the venirepersons at issue-their employment or body language-have been recognized as valid race-neutral reasons for striking jurors. See Hernandez v. New York, 500 U.S. 353, 360 (1991) (holding that striking jurors for their demeanor during voir dire does not violate Batson); United States v. Maxwell, 473 F.3d 868, 872 (8th Cir. 2007) (inference that employment might make a juror sympathetic is a valid, race-neutral reason for striking a juror). The decision of the Missouri Court of Appeals is not contrary to clearly applicable federal law, and is consistent with a reasonable application of Batson.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

### 2. Ground Two

In petitioner's second ground for relief, he argues that the trial court erred by denying petitioner's objection to the prosecutor eliciting testimony from Detective Frederick Klobe regarding petitioner's prior bad acts and convictions. Petitioner claims that Detective Klobe's testimony caused the jury to decide the case on the basis of evidence of petitioner's prior bad acts and convictions rather than from the facts surrounding the underlying case. Respondent contends that the jury in this case must be presumed to have followed the instruction to disregard Detective Klobe's answer.

Petitioner raised this claim in his direct appeal, and the Missouri Court of Appeals rejected petitioner's claim. See Respt's Ex. 11.

Generally, questions concerning the admissibility of evidence are matters of state law, and the issue on habeas review is not whether the evidence was properly admitted under state law. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). Rather, evidentiary issues form the basis for habeas relief only if the error constitutes an independent constitutional violation. See Bounds v. Delo, 151 F.3d 1116, 1119 (8th Cir. 1998). "A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Id. (quoting Parker v. Bowersox, 94 F.3d 458, 460 (8th Cir. 1996)). To meet this standard, a petitioner must show a reasonable probability that the evidentiary errors affected the trial's outcome. See Meadows v. Delo, 99 F.3d 280, 283 (8th Cir. 1996).

The following testimony is relevant to petitioner's second ground for relief:

[PROSECUTOR]: Detective, let's talk about the statement. From the questions that Defense counsel had for you, you said, I believe on cross-examination that you really didn't think you needed the statement. Explain to the jury what you mean?

[DETECTIVE KLOBE]: The fact that he was identified by the witness; eyewitness testimony usually is pretty strong evidence and when I asked him if he wanted to make a statement, I really didn't think he'd even make one.

[PROSECUTOR]: Why?

[DEFENSE COUNSEL]: Well, Your Honor, that calls for speculation as to why he didn't think someone would make a statement.

[PROSECUTOR]: It goes to why he did what he did, Judge.

[DEFENSE COUNSEL]: Well, no. You asked him why did you think he wouldn't make a statement? That doesn't go to what he did, it goes to what someone thinks.

[COURT]: I'm gonna overrule that objection, I think the question is asking the Defendant– asking the witness what he thought; not to speculate about what someone else thought, so I'll allow the question.

[PROSECUTOR]: That's correct Judge. Go ahead Detective.

[DETECTIVE KLOBE]: Based on my experience – with his prior –

[DEFENSE COUNSEL]: Your Honor –

[COURT]: Stop there Detective.

Respt's Ex. 4 at 562-563.  At this point, both prosecution and defense counsel approached the bench.  Defense counsel requested that the court instruct the jury to disregard Detective Klobe's statement, and requested that the court declare a mistrial.  Id. at 564.  The court ordered Detective Klobe's answer stricken, and directed the jury to disregard Detective Klobe's answer.  The court denied defense counsel's request to declare a mistrial.  Id. at 564-565.

Considering the context of the testimony, petitioner cannot demonstrate prejudice by Detective Klobe's use of the word "prior."  The word "prior" does not conclusively refer to petitioner's criminal history.  The court clearly and promptly admonished the jury not to consider the testimony.  It is presumed that the jury will follow the instructions of the court.  United States v. Fletcher, 322 F.3d 508, 516 (8th Cir. 2003).

Further, the State presented significant evidence at trial regarding petitioner's guilt. Petitioner was positively identified by two victims of the robberies, and signed a statement admitting that he had committed the robberies.  Additionally, petitioner consented to a search which led to the discovery of a BB gun and toy gun, which at least one victim identified as looking like the gun petitioner used during the robbery.  Consequently, petitioner cannot demonstrate that he was prejudiced by Detective Klobe's use of the word "prior."  The decision of the Missouri Court of Appeals was not contrary to clearly applicable federal law.

- 15 -

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

**Ineffective Assistance of Counsel Claims**

In grounds three through five, petitioner raises ineffective assistance of counsel claims. These claims are evaluated under the Strickland v. Washington standard. To prevail on an ineffective assistance of counsel claim, petitioner must demonstrate (1) that the attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and (2) that the attorney's action or inaction prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id. "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693. A habeas petitioner "must overcome the strong presumption that in the circumstances of his case 'the challenged action might be considered sound trial strategy.'" Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995) (quoting Strickland, 466 U.S. at 689)).

3.      **Ground Three**

In petitioner's third ground for relief, he argues that he was denied his right to effective assistance of counsel in that trial counsel failed or refused to file a motion to suppress the toy gun and BB gun at trial. Petitioner alleges that the motion would have had merit, as the guns

recovered from the vehicle did not belong to him. Respondent contends that the decision of the Missouri Court of Appeals is a reasonable application of Strickland, and should be left undisturbed.

The Missouri Court of Appeals held as follows with regard to petitioner's claim:

A criminal defendant is not entitled to exclude physical evidence recovered pursuant to a search for which consent was lawfully obtained. See State v. Glass, 136 S.W.3d 496, 516 (Mo. banc 2004); State v. Mathis, 204 S.W.3d 247, 258 (Mo.App. 2006).

***

In this case, a motion to suppress the guns would not have been granted because the record reflects that the guns were seized pursuant to a search conducted with [petitioner's] consent. [Petitioner] does not cite any legal authority for the proposition that a motion to suppress evidence obtained in this manner would have been granted on the ground that a person other than [petitioner] had access to that evidence. Counsel is not ineffective for failing to investigate and file a meritless motion to suppress. State v. Hunter, 840 S.W.2d 850, 870 (Mo. banc 1992); State v. Maddix, 935 S.W.2d 666, 672 (Mo.App. 1996).

Respt's Ex. 15 at 5.

Petitioner contends that defense counsel should have filed a motion to suppress the toy gun and BB gun found in the car that petitioner had been driving the day of his arrest. Detectives Regan and Lammert located petitioner's girlfriend's house, and she told the detectives that petitioner was at a laundromat. Respt's Ex. 3 at 438-39. The detectives located petitioner and informed him that they were investigating a robbery, and that the description of the car petitioner was using matched that of a car used during the robbery. Id. at 440-41. The detectives asked petitioner if they could search the car, and petitioner consented to the search. Id. at 441. The detectives found a black toy gun and a long barrel black BB gun in the trunk of the vehicle, which matched the description of the weapons given by the victims. Id. at 306.

The Missouri Court of Appeals held that a motion to suppress would have failed because petitioner consented to the search of the vehicle, and his argument that the guns belonged to

someone else was not a proper ground for suppressing the evidence. "The performance of an attorney is not deficient for failure to object to admissible evidence." <u>Russell v. Jones</u>, 886 F.2d 149, 152 (8th Cir. 1989). Trial counsel in this case was not ineffective for failing to file a meritless motion to suppress. The court finds that the Missouri Court of Appeals properly applied <u>Strickland</u>.

Accordingly, the undersigned recommends that petitioner's third ground for relief be denied.

### 4.     Ground Four

In his fourth ground for relief, petitioner argues that he was denied his right to effective assistance of counsel in that trial counsel failed or refused to call Michael Hamilton, petitioner's uncle, as a witness. Petitioner contends that Mr. Hamilton would have testified that petitioner had a mustache and goatee in March 1995, and that Mr. Hamilton's testimony would have proven that the descriptions given by both victims did not match a description of petitioner. Petitioner also alleges that Mr. Hamilton, if called as a witness, would have testified that petitioner could not have robbed anyone during the relevant period of March 14, 1995, through March 20, 1995, because petitioner was visiting his grandfather in a nursing home. Respondent contends that part of petitioner's ground for relief is procedurally defaulted, and the remainder of his ground for relief lacks merit.

In the supporting facts for ground five in petitioner's post-conviction relief motion, petitioner asserted that Mr. Hamilton would testify that at the time of one of the robberies, petitioner was with Mr. Hamilton buying brake pads. In this motion, petitioner also asserted that Mr. Hamilton would testify that he had never seen petitioner without facial hair. <u>See</u> Respt's Ex.

12 at 18.  After an evidentiary hearing, the motion court denied petitioner's post-conviction relief

motion.  See id. at 58-83.  The court found that Mr. Hamilton's testimony at the evidentiary

hearing was not credible, that the times of day to which Mr. Hamilton testified were not specific

enough to provide an alibi, and that Mr. Hamilton's testimony with regard to petitioner's light

facial hair and inability to grow facial hair could have been detrimental to petitioner at trial.  See id.

at 74-75.

On appeal from the denial of post-conviction relief, petitioner asserted that Hamilton, if

called as a witness, would have testified that petitioner was with his grandparents at the time of the

robberies, and that petitioner had a moustache and goatee, unlike the robber.  See Respt's Ex. 13

at 14.  The Missouri Court of Appeals held that, due to petitioner's failure to allege the claim that

Mr. Hamilton would testify that petitioner was with his grandparents in his post-conviction motion,

petitioner did not preserve this claim for review.  The Court, therefore, limited its review to the

question of whether counsel was ineffective for not calling Mr. Hamilton to testify about

petitioner's facial hair.  See Respt's Ex. 15 at 6.  The Court held as follows:

> When a witness's testimony would not unequivocally support a criminal
> defendant's defense, "it is a matter of trial strategy not to call him, and the failure to call
> such witness does not constitute ineffective assistance of counsel." Winfield v. State, 93
> S.W. 3d 732, 739 (Mo. banc 2002). In this case, both victims and a police detective
> testified at trial that movant had facial hair at the time of the robberies.  In light of this
> testimony, Mr. Hamilton's testimony that movant had facial hair at the time of the
> robberies would not have unequivocally supported movant's defense, but, at best, would
> have been merely cumulative.  See State v. Dumas, 898 S.W.2d 689, 692 (Mo.App. 1995).
> As observed by the motion court, Mr. Hamilton's testimony that movant had no more than
> "a little hair under his chin or something" may have helped to explain why the victims did   not
> initially make note of movant's facial hair, as movant alleged.  Moreover, although
> movant's trial counsel could not specifically remember why he did not call Mr. Hamilton,
> counsel's decision not to call Mr. Hamilton was consistent with his stated trial strategy of
> preferring not to rely on family members.  Finally, the trial court record reveals that
> counsel attacked the inconsistencies between the victims' descriptions and movant's

appearance during counsel's closing argument, which argument would not have been made more effective by Mr. Hamilton's testimony.

Id. at 8.

Counsel's decision not to interview or call a particular witness is evaluated from the perspective of counsel at the time the decision was made. Parker v. Bowersox, 94 F.3d 458, 461 (8th Cir. 1996). The question is whether trial counsel's performance, when viewed in this light, "fell outside the wide range of professionally reasonable performance." Id. (citing Strickland, 406 U.S. at 687). A habeas petitioner "must overcome the strong presumption that in the circumstances of his case 'the challenged action might be considered sound trial strategy.'" Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995) (quoting Strickland, 466 U.S. at 689). An attorney's performance is objectively reasonable, where counsel determined that testimony from witnesses identified by a defendant would be detrimental and rationally declined to call the witnesses as a matter of trial strategy. See United States v. Smith, 62 F.3d 1073, 1078 (8th Cir. 1995).

Petitioner's claim that Mr. Hamilton would have testified that petitioner was with his grandparents at the time of the robberies is procedurally barred because it was not raised in petitioner's post-conviction relief motion. A state prisoner must fairly present each of his claims to the appropriate state court before seeking federal habeas review of the claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004). Absent a showing of cause and prejudice or a miscarriage of justice, a federal habeas court may not reach the merits of claims procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claims in state court. Sawyer v. Whitley, 505 U.S. 333, 338 (1992). See, e.g. Storey v. Roper, 603 F.3d 507, 523-24 (8th Cir. 2010) (not

addressing the merits of an ineffective assistance of counsel claim that the petitioner had not pursued on appeal from the denial of post-conviction relief); <u>Owsley v. Bowersox</u>, 234 F.3d 1055, 1058-59 (8th Cir. 2000) (holding that federal habeas review of claim based on trial court error was precluded by the Missouri Supreme Court's ruling that the petitioner had failed to preserve an issue of constitutional trial court error by failing to make specific objections at trial).

With respect to petitioner's claim that Mr. Hamilton would have testified regarding petitioner's facial hair, petitioner has not overcome the presumption that trial counsel acted in accordance with "sound trial strategy." At trial, petitioner's counsel vigorously questioned the State's witnesses concerning the fact that the description of the robber in the police reports did not include facial hair. Trial counsel focused on this point throughout closing argument. <u>See</u> Respt's Ex. 4 at 686-700. Petitioner claims that Mr. Hamilton's testimony would have provided a defense, because it would have demonstrated that petitioner had facial hair, unlike the robber. At trial, however, Mr. Weston testified that he believed he had told the police that the man who robbed him had a "heavy beard" or "goatee." <u>See</u> Respt's Ex. 2 at 317. Mr. Mitchell testified that the man who robbed him had "facial hair" as well. <u>See</u> Respt's Ex. 3 at 423. At the evidentiary hearing, petitioner's trial counsel testified that he could not remember why he did not call Hamilton as a witness, but he explained that he generally avoided calling family members as witnesses, because they are "easy targets for the State." <u>See</u> Respt's Ex. 18 at 134-135. It cannot be said that the decision not to call Mr. Hamilton as a witness "fell outside the wide range of professionally reasonable performance."

The Missouri courts properly applied <u>Strickland</u> and determined that petitioner failed to show that Mr. Hamilton's testimony would have provided a viable defense or that his attorney's

decision was something other than reasonable trial strategy.

Accordingly, the undersigned recommends that petitioner's fourth ground for relief be denied.

**5.      Ground Five**

In petitioner's fifth ground for relief, he argues that he was denied his right to effective assistance of counsel in that trial counsel failed to object to, and preserve for appellate review, the State's calling petitioner a "con artist" and "liar" in closing argument.  Respondent contends that the Missouri Court of Appeals properly applied <u>Strickland</u>, and that its decision should be left undisturbed.

During its closing argument, the prosecutor stated in relevant part:

If you're going to make somebody make a statement, you're going to put in there I had a gun, I want to hurt them, I want--wanted to kill them; I did these robberies. None of that happened. He made a brief statement. He's trying to help himself.  "Sincerely Bryan Wrice." Help, help, help. Help me, help me. Help, Help. Drugs, drugs, drugs. Because he's thinking of either the Court or the prosecutor will be more lenient on him. And if that's what happened, he is a liar and he is a con artist and he is a manipulator.

Respt's Ex. 5 at 711-712.

The Missouri Court of Appeals held as follows with regard to petitioner's claim:

To prevail on a claim of ineffective assistance of counsel premised on counsel's failure to object to statements made by a prosecutor during closing arguments, the movant "must show that his counsel's objections would have been upheld if made and that the failure to object resulted in a substantial deprivation of his right to a fair trial." Glass v. State, 227 S.W.3d 463, 473 (Mo. banc 2007). Counsel is not ineffective for failing to make a meritless objection. Id. "Further, counsel's failure to object during closing argument is generally not error, but is a function of trial strategy. So long as the prosecutor stays within the record and its reasonable inferences, the argument is proper." Id. (citing State v. Jones, 384 S.W.2d 554, 560 (Mo. 1964)).

The prosecutor's characterization of movant as a "con artist" and a "liar" was a proper inference drawn from the evidence and was responsive to the argument made by movant's trial counsel that movant's written statement was untrue.  See, e.g., Glass, 227

S.W.3d at 474; Mitchem v. State, 250 S.W.3d 749, 755-756 (Mo.App.2008); State v. Hopson, 168 S.W.3d 557, 565-66 (Mo.App. 2005).

Respt's Ex. 15 at 10.

To prevail on a due process claim based on comments by the prosecutor, a petitioner must show that the prosecutor's comments "were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair." Kellogg v. Skon, 176 F.3d 447, 451 (8th Cir. 1999) (quoting Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir. 1987)). "Under this standard, a petitioner 'must show that there is a reasonable probability that the error complained of affected the outcome of the trial--i.e., that absent the alleged impropriety, the verdict probably would have been different.'" Kellogg, 176 F.3d at 451 (quoting Hamilton, 809 F.2d at 470). In determining whether the prosecutor's argument rendered the trial fundamentally unfair, a federal habeas court must consider the totality of the circumstances. See id.

Petitioner made a written statement to police indicating that he was a drug user and that he committed the crimes to support his habit. See Respt's Ex. 15 at 9. Defense counsel argued in closing that the statement was "ludicrous" because petitioner was not a drug user. See Respt's Ex. 4 at 682. The prosecutor argued in rebuttal that the defense was essentially arguing that the statement was not true, and that petitioner was lying to get out of the crime, which shows that petitioner was manipulative. See Respt's Ex. 5 at 709-10.

Petitioner has failed to show that the prosecutor's statements were so egregious as to affect the outcome of the trial. The prosecutor's closing argument was a proper response to the defense's argument that petitioner's written statement was untrue and that petitioner wrote it because an officer had told him to do so. In light of the evidence against petitioner, petitioner

cannot demonstrate that the outcome of the trial would have been different had counsel objected. Petitioner has failed to show that his trial counsel did not exercise the skill of a reasonably competent attorney under similar circumstances. Additionally, petitioner has failed to demonstrate that his attorney's action or inaction prejudiced him.

Accordingly, the undersigned recommends that petitioner's fifth ground for relief be denied.

### 6. Ground Six

In petitioner's sixth ground for relief, he argues that post-conviction counsel and post-conviction appellate counsel violated petitioner's right to due process. First, petitioner argues that post-conviction counsel filed a Motion in Lieu of Filing an Amended Motion to the court without notifying petitioner that he had ten days to file any objections to the court. Petitioner also argues that post-conviction appellate counsel failed or refused to include the claim regarding post-conviction counsel in petitioner's appeal. Respondent contends that petitioner's claims are not cognizable under 28 U.S.C. § 2254.

"There is no federal constitutional right to the effective assistance of post-conviction counsel." Clay v. Bowersox, 367 F.3d 993, 1005 (8th Cir. 2004) (citing Coleman v. Thompson, 501 U.S. 722, 752 (1991)). "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(I). "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990) (citing Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984)). Thus, this court is barred from reaching the merits of

petitioner's claims.

Accordingly, the undersigned recommends that petitioner's sixth ground for relief be denied.

## III.    Request for Evidentiary Hearing

Petitioner has requested that the court conduct an evidentiary hearing.  Under the Rules Governing Section 2254 cases, the court has the discretion to grant an evidentiary hearing.  Rule 8(a) states that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evientiary hearing is warranted."  The court has been furnished with a transcript of petitioner's trial, the legal file, as well as various post-trial materials.  Upon review of the state court record, as supplemented by the pleadings in this case, the undersigned finds that the record as it now exists is adequate and that no evidentiary hearing is required.  See 28 U.S.C. § 2254, Rule 8(a); Amos v. State, 849 F.2d 1070, 1072 (8th Cir. 1988).  Thus, the undersigned finds that petitioner's request for an evidentiary hearing should be denied.

## IV.    Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right.  See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999).  A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997)(citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)); Tokar v. Bowersox, 1 F. Supp.2d 986, 1016 (E.D. Mo. 1998).  In this case, petitioner has failed to make a substantial showing of the denial of a

constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Bryan Wrice for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied.**

**IT IS FURTHER RECOMMENDED** that petitioner's request for an evidentiary hearing be **denied**.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Dated this 6th day of December, 2012.

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE