# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRYAN K. WRICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:09-CV-2006 CAS |
| ) | |
| IAN WALLACE, and ) | |
| CHRIS KOSTER,[1] ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on state prisoner Byran Wrice's action pursuant to 28 U.S.C. § 2254. This case was referred to United States Magistrate Judge Lewis M. Blanton for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b).

On December 6, 2012, Judge Blanton filed a Report and Recommendation of United States Magistrate Judge which ordered and recommended that Wrice's petition for writ of habeas corpus be denied and that his request for an evidentiary hearing be denied. Petitioner timely filed a document entitled "Petitioner's Objections" to the Report and Recommendation, in which he asserts that he was "denied justice" by the State of Missouri in that the state delayed his Rule 29.15 hearing for over ten years. He claims the delay caused him prejudice because two of his "key" witnesses died before the hearing.

---

[1]Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. Ian Wallace is the Warden of the Southeast Correctional Center, and as petitioner's custodian, he is the proper party respondent. See Rule 2(a) of the Rules Governing § 2254 Cases. The Attorney General of the State of Missouri is also a proper party respondent because petitioner is challenging present and future sentences in this action. See Rule 2 (b).

The Court finds this is not an objection, but rather a new claim. The timeliness of petitioner's Rule 29.15 hearing was not previously raised, and it was not addressed in the Report and Recommendation. The Eighth Circuit has held that a party may not offer new legal theories in objections to a magistrate judge's report and recommendation, when those arguments have not been presented to the magistrate judge or addressed in the report and recommendation. Hylla v. Transportation Commc'ns Int'l Union, 536 F.3d 911, 921-22 (8th Cir. 2008). This is because

> the purpose of referring cases to a magistrate [judge] for recommended disposition is contravened if parties are allowed to present only selected issues to the magistrate [judge], reserving their full panoply of contentions for the trial court. A contrary rule would allow a claimant to raise new claims to the district court and thus effectively have two opportunities for judicial review.

Id. (quoting Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000)) (internal citation and brackets omitted); see also Ridenour v. Boehringer Ingelheim Pharms., Inc., 679 F.3d 1062, 1067 (8th Cir. 2012). Thus, to the extent petitioner is asking this Court to address a new claim relating the timeliness of his Rule 29.15 hearing on de novo review, the Court declines to do so. Cf. Moore v. Bowersox, 106 F.3d 405 (8th Cir. 1997) (Table decision) (district court did not abuse its discretion in refusing to consider new grounds for relief raised in habeas petitioner's motion for reconsideration, filed after a magistrate judge's report and recommendation was before the district court).

Moreover, the Antiterrorism and Effective Death Penalty Act of 1996 provides for a one-year statute of limitations for the filing of a federal habeas petition by a state prisoner. 28 U.S.C. § 2244 (d)(1)(A). Petitioner filed his § 2254 petition on December 7, 2009, more than three years ago. The new claim asserted in the objections is time barred unless it "relates back" under Rule 15(c) of the Federal Rules of Civil Procedure.

Rule 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." In Mayle v. Felix, 545 U.S. 644, 664 (2005), the Supreme Court interpreted Rule 15(c)(2) in the habeas context, and held that in order for the claims in an amended habeas motion under 28 U.S.C. § 2254 to relate back, they must be of the same "time and type" as those in the original motion, such that they arise from the same core set of operative facts. Id. at 657, 664.

In the instant case, petitioner's new claim regarding the timeliness of his Rule 29.15 hearing is not tied to a "common core of operative facts" from his original petition that would make relation back proper. The facts alleged in the original petition were not such that would put the state on notice that petitioner was challenging the timing of his Rule 29.15 hearing. See Mandacina v. United States, 328 F.3d 995, 1000 (8th Cir. 2003) (stating that "[t]he rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.") (quoting United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)). Petitioner's new claim regarding his Rule 29.15 hearing, which he raised in his "Objections," is therefore time barred and the Court does not consider it.

The Court has carefully reviewed petitioner's objections and the entire record of this matter. Following de novo review, the Court concurs in the recommendation of the Magistrate Judge. Petitioner's objections are overruled.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained**, **adopted** and **incorporated** herein. [Doc. 15]

**IT IS FURTHER ORDERED** that Bryan Wrice's Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**, with no further action to take place herein.

An appropriate judgment will accompany this order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  8th   day of March, 2013.